UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE LOWE,<br><br>                      Plaintiff,<br><br>v.<br><br>NATIONAL CREDIT ADJUSTERS, LLC,<br><br>                      Defendant. | Case No.:  3:22-cv-1099-JES-KSC<br><br>**ORDER DISMISSING CASE FOR LACK OF PROSECUTION** |

On March 13, 2023, Plaintiff and counsel appeared at the Early Neutral Evaluation Hearing (ENE) when Plaintiff left abruptly in the middle of the hearing without warning. The Court issued an OSC for why sanctions should not be imposed and set a hearing for April 19, 2023. Plaintiff did not appear at the hearing and the Court reserved ruling on sanctions against Plaintiff. Plaintiff's counsel then asked to withdraw from the case because Plaintiff fired him and refused to return any messages. Plaintiff's counsel was allowed to withdraw from the case on April 21, 2023, and Plaintiff was ordered to appear in court on May 19, 2023, to inform the court whether he wanted to proceed with new counsel or *pro se*. Plaintiff did not appear or respond in any manner. On May 19, 2023, the Court ordered Plaintiff to show cause on or before June 9, 2023, why the case should not be dismissed for lack of prosecution. ECF No 31. The Court cautioned that failure to

1 | timely respond to the Order to Show Cause (OSC) would result in dismissal of the action.
2 | *Id.* To date, Plaintiff has not filed a response.
3 |     Federal Rule of Civil Procedure 41(b) governs involuntary dismissal. Fed. R. Civ.
4 | P. 41(b). Before dismissing under Rule 41(b), a district court must weigh five "essential
5 | factors": "(1) the public's interest in expeditious resolution of litigation; (2) the court's
6 | need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public
7 | policy favoring disposition of cases on their merits and (5) the availability of less drastic
8 | sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423-1424 (9th Cir. 1986). "A
9 | dismissal for lack of prosecution must be supported by a showing of unreasonable delay,"
10 | which "creates a presumption of injury to the defense." *Id.* at 1423 (citations omitted).
11 |     The Court examines the five "essential factors" set forth in *Henderson* and finds
12 | that they weigh in favor of dismissing the case. Plaintiff has unreasonably delayed this
13 | case by leaving the ENE and failing to respond to both his previous counsel and the
14 | Court's order to show cause. The Court gave Plaintiff multiple opportunities to continue
15 | with the prosecution of this case, but Plaintiff has not responded at all. Based on these
16 | facts, the Court finds that the public's interest in speedy litigation and the Court's need to
17 | manage its docket weigh in favor of dismissal. The Court also finds that prejudice to
18 | Defendant can be presumed from the length of this delay. Moreover, by not responding to
19 | the Court's Order to Show Cause, Plaintiff has requested no alternative sanction nor
20 | demonstrated a desire to prosecute this case. The Court, therefore, finds that dismissal is
21 | the appropriate sanction in this case.
22 | / / /
23 | / / /
24 | / / /
25 | / / /
26 | / / /
27 | / / /
28 | / / /

Accordingly, the Court **DISMISSES** the case pursuant to Federal Rule of Civil Procedure 41(b) with prejudice for failure to prosecute. The Clerk is directed to close the case.

**IT IS SO ORDERED**.

Dated: June 12, 2023

Honorable James E. Simmons, Jr.
Unites States District Judge